IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-02-169-C |
| | ) | |
| CARL RAY MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on eight[1] motions filed by Janis Lynn Montgomery,

spouse of Defendant Carl Ray Montgomery. United States District Judge Robin Cauthron

has referred the motions to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

636(b)(3). For the reasons discussed below, it is recommended that the motions be denied

as premature.

## I. BACKGROUND

Defendant Carl Ray Montgomery was sentenced on February 25, 2003, pursuant to

his plea of guilty to the crime of mail fraud. [Doc. No. 47]. He was sentenced to twelve

months imprisonment and three years of supervised release. [Doc. No. 47, pp. 2-3]. The crux

of the motions now before the Court is Plaintiff's effort to collect the criminal monetary

penalties imposed as part of Defendant Montgomery's sentence, including $133,913.37 in

restitution. [Doc. No. 47, pp. 5-6]. The judgment of conviction provided that Defendant

---

[1]Four of the motions are substantive [Doc. Nos. 85, 87, 90, 92], whereas the other four only
request the Court to set the substantive motions for hearing [Doc. Nos. 86, 88, 91, 93].

Montgomery must either pay the monetary penalties as a lump sum, due immediately, in the amount of $134,013.37, or through monthly payments in the amount of the greater of $2231.89 or 10% of his gross monthly income, commencing 30 days after his release from confinement. [Doc. No. 47. p. 6].   The Plaintiff represents that Defendant Montgomery has so far paid restitution in the amount of $8,856.65, and as of May 20, 2009, has a remaining balance of $134,987.69. Plaintiff's Response, ¶ 6.

On March 31, 2009, a Judgment Debtor's Examination was conducted before the undersigned. [Doc. Nos. 79, 81, 83].  According to the affidavit of Defendant Montgomery, the attorney for Plaintiff advised him at that time that unless he paid $35,000.00 by June 1, 2009, the United States Marshal would be sent to confiscate his home and "that all the furniture would be loaded up and sold, without warning to me or my spouse (Janis Lynn Montgomery)." Motion and Brief to Determine Innocent Spouse's Interest in Homestead under Federal Law, Ex. 1 ¶ 4.  Defendant Montgomery also states that counsel for Plaintiff suggested that "our problems would be resolved if we refinanced our home" but that "she offered no lien release which makes it impossible to refinance our home."  Id. at ¶ 6.

Plaintiff concedes that Defendant Montgomery, who appeared pro se, was advised at the Judgment Debtor's Examination that the United States intended to execute on his homestead property to partially satisfy his restitution obligation. Plaintiff's Response, ¶ 7. Plaintiff further states that Defendant Montgomery was advised that this action could be avoided if he paid $35,000.00 before June 1, 2009.  Plaintiff also concedes that it was suggested that taking a second mortgage on the homestead property might be a "viable

2

solution" for obtaining the $35,000.  Id.

A week after the Judgment Debtor's Examination, Defendant Montgomery's spouse Janis Lynn Montgomery (Mrs. Montgomery) entered an appearance through counsel and filed the motions now under referral in which she seeks a determination of her interest in the homestead [Doc. Nos. 85, 87] and an injunction to prevent sale of her home and personal property. [Doc. Nos. 90, 92].

## II.  MOTIONS OF JANIS LYNN MONTGOMERY

In her Motion and Brief to Determine Innocent Spouse's Interest in Homestead Under Federal Law [Doc. No. 85], Mrs. Montgomery acknowledges the right of the United States to enforce a judgment against Defendant Montgomery's homestead interest; however, she argues that the home cannot be taken without notice and an opportunity to be heard, and that such requires judicial approval including an analysis and computation of the amount of her interest in the property.  Id. at p. 4.  She also contends that the United States' apparent position that Defendant Montgomery has a 50% interest in the homestead is not in accord with the appropriate formula to determine an innocent spouse's interest in the homestead. Id.  at p. 5.

In the Innocent Spouse's Motion and Brief to Determine Her Interest In Her Homestead Under State Law [Doc. No. 87], Mrs. Montgomery claims that the United States cannot force sale of the homestead because Defendant Montgomery has no interest in the homestead under State law to which a lien could attach.  Id. at p. 10.  In the motion, Mrs. Montgomery also gives a detailed account of her contributions to the homestead since its

purchase in 1974, and argues that under Oklahoma law, a court "would certainly conclude the Defendant has no interest in the homestead." Id. at pp. 4-9.

In her Innocent Spouse's Motion and Brief to Enjoin Sale of Her Home [Doc. No. 90], Mrs. Montgomery seeks an injunction to prohibit sale of her home in light of her claims that that the United States has failed to perform a proper valuation of her share in the homestead, and that Defendant has no real interest in the homestead property. In her Innocent Spouse's Motion and Brief to Enjoin Sale of Personal Property [Doc. No. 92], Mrs. Montgomery challenges a threat, allegedly made by the United States at the hearing on assets, to upon seizure take all personal property in the home. Id. at p. 4. She claims that many items in the home are exempt from seizure under Federal law. Id. at pp. 3-6. She claims that the inventory Defendant Montgomery provided to the United States at the hearing on assets failed to distinguish between exempt and non-exempt property, or property acquired separately by each spouse. Id. at p. 6. She also asks the Court to direct the United States to specifically list the property it intends to seize so that she can assert any applicable exemption claims. Id. at p. 7.

The United States argues that Janis Lynn Montgomery's motions are premature because it has not yet taken any steps to execute on the real property in which she owns an interest. Plaintiff's Response, pp. 1, 6. Furthermore, Plaintiff states that there are "no plans" to execute on any *personal* property within the residence, and that Defendant Montgomery was instead told during the debtor examination that the United States Marshal would *move* any personal property upon seizure of the home. Id. at p. 6. As Plaintiff explains it, the

"United States informed the Defendant as to the realities of execution, but never threatened."

Id.

Plaintiff states that any "future action of the United States to execute upon Mr. Montgomery's property will be conducted under the guidelines of the [Fair Debt Collection Practices Act] and will provide adequate legal notice to Janis Montgomery." Plaintiff's Response, p. 6. Moreover, Plaintiff argues that "Mrs. Montgomery does not dispute that the United States has a right to enforce a judgment against her homestead under 18 U.S.C. § 3613(a)" and that she "simply states, and rightfully so, that there are legal procedures, such as notice to her, valuation of the property and approval by the Court prior to seizure." Id. at p. 7. The United States concludes its response by stating that it "agrees with these assertions and if execution upon the property becomes necessary, all legal procedures will be followed."

Id.

The undersigned agrees that Mrs. Montgomery's motions are premature, and thus recommends that the motions be denied as failing to present an issue ripe for judicial review.

**III. DISCUSSION**

The ripeness doctrine stems from the cases and controversies requirement in Article III, and also reflects important prudential limitations on a court's exercise of jurisdiction. Salt Lake Tribune Publ'g Co. v. Mgmt. Planning, Inc., 454 F.3d 1128, 1140 (10th Cir.2006) "[R]ipeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Morgan v. McCotter, 365 F.3d 882, 890 (10th Cir.2004) (quoting Nat'l Park Hospitality Ass'n v. Dep't

of Interior, 538 U.S. 803, 807 (2003)). A question of ripeness focuses on "whether the harm

asserted has matured sufficiently to warrant judicial intervention." Id. (quoting Warth v.

Seldin, 422 U.S. 490, 499 n. 10 (1975)). "Determining whether the issues presented by this

case are ripe for review requires us to evaluate both the fitness of the issues for judicial

decision and the hardship to the parties of withholding court consideration." Id. (quotation

omitted); accord Graham v. Hartford Life And Accident Ins. Co., 501 F.3d 1153, 1162 (10th

Cir. 2007), cert. denied 128 S. Ct. 1650 (2008).  As explained in Morgan:

> Application of the fitness standard requires us to ask "whether the case
> involves uncertain or contingent future events that may not occur as
> anticipated, or indeed may not occur at all." New Mexicans for Bill
> Richardson, 64 F.3d at 1499 (internal quotation marks omitted). Likewise, the
> hardship inquiry may be answered by asking "whether the challenged action
> creates a direct and immediate dilemma for the parties." Id. (internal
> quotations marks omitted).

365 F.3d at 890-91 (parallel citations omitted).

## A.  FITNESS OF THE ISSUES FOR JUDICIAL REVIEW

The undersigned finds that the issues raised in Mrs. Montgomery's motions concern

uncertain or contingent future events, and are thus not fit for judicial review.  First, the

United States has specifically stated that it has no plan to execute upon any personal property

in the residence.  See Plaintiff's Response, p. 6.  Thus, the issue as to whether the personal

property in the residence is exempt from execution is based on a future event which is not

only uncertain but which Plaintiff represents will not occur at all.

Second, Mrs. Montgomery's claims concerning execution of Plaintiff's lien on

Defendant Montgomery's homestead property interest are uncertain and contingent on

execution proceedings which have not yet begun. For example, in her Motion and Brief to Determine Innocent Spouse's Interest in Homestead Under Federal Law, Mrs. Montgomery sets forth what she believes to be a "fair formula" for determining her interest in the homestead, concluding that "it is anticipated, using this calculation method, she will be entitled to well over 90% of the proceeds from the sale...." Id. p. 5.  Although she argues that the United States is apparently taking the position that her husband has a 50% interest in the homestead, she also concedes that the United States has the right to enforce its lien if done so in compliance with the procedural requirements of notice, analysis of the spouse's interest, and judicial approval. The United States has agreed that these procedural protections apply and will be employed if it attempts to execute its lien on Defendant Montgomery's homestead interest. Until that future event occurs, Mrs. Montgomery's claims remain uncertain because they are contingent on whether the execution proceedings adequately protect her interest in the homestead.

**B.  HARDSHIP CAUSED BY DELAY IN JUDICIAL DETERMINATION**

The undersigned further finds that the hardship factor does not require judicial intervention at this time. Mrs. Montgomery obviously has a legitimate concern about the effect future execution proceedings might have on her interest in the homestead, as the United States has communicated its intent to proceed with execution of its lien on the property if certain payment arrangements are not made by her husband. However, she is not yet faced with a direct and immediate harm because the United States has unequivocally represented that it has not yet begun execution proceedings and that when it does, "all legal

procedures will be followed." Plaintiff's Response, p. 7. It further concedes that those procedures include notice, valuation of the property, and court approval. <u>Id.</u> Thus, despite her understandable worry about the outcome of any future proceedings, no concrete harm has yet occurred. Plaintiff unequivocally states that there is no scheduled seizure of Mrs. Montgomery's residence, and that procedures that might result in such a seizure have not even begun. Thus, no undue hardship will be caused by postponing consideration of the issues raised in the pending motions. Furthermore, "postponing decision on this case until [the movant] has suffered some concrete harm cannot itself constitute an independent harm ...." <u>Morgan</u>, 365 F.3d at 891.

## IV. CONCLUSION

The motions filed on behalf of Janis Lynn Montgomery are premature because they present issues that are not yet ripe for judicial determination. Even if Plaintiff threatened her husband with seizure of their homestead if he did not make a payment of $35,000.00 by June 1, 2009, Plaintiff represents to this Court that no execution of the lien on the homestead has occurred. Plaintiff agrees with Mrs. Montgomery that procedural protections are both due and will be provided once the execution process begins, and states that there is no plan to execute on the personal property within the home. Accordingly, it is recommended that Plaintiff's motions be denied as premature, without prejudice to her right to re-urge the issues raised therein at the appropriate time.

## <u>RECOMMENDATION</u>

In light of the forgoing, it is recommended that the motions of Janis Lynn

Montgomery [Doc. Nos. 85, 86, 87, 88, 90, 91, 92, 93] be denied as presenting issues that are not yet ripe for judicial determination, but that the denial be without prejudice to her right to re-urge the issues contained in the motions at the appropriate time. Janis Lynn Montgomery is hereby advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court on or before July 13, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. She is further advised that failure to file a timely objection to this Report and Recommendation waives her right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 23rd day of June, 2009**.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE